### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 13-4530 |
| | : | |
| RICHARD L. BROWN JR., | : | |
| Defendant | : | |

## M E M O R A N D U M

**STENGEL, J.**                                          **February 20, 2014**

The United States of America, on behalf of the Rural Housing Service of the U.S. Department of Agriculture, brought this action against Richard L. Brown, Jr. requesting foreclosure of the defendant's real property due to his mortgage being in default. The plaintiff filed a motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. For the foregoing reasons, I will deny this motion.

## I. BACKGROUND

This is a mortgage foreclosure case in which the plaintiff, through the Rural Housing Service (RHS) of the U.S. Department of Agriculture, loaned the defendant $189,900.00 pursuant to Title V of the Housing Act of 1949, 42 U.S.C. §§ 1471–1490t.[1] This court has jurisdiction over cases involving foreclosures of mortgages issued pursuant to the National Housing Act.[2] On October 24, 2013, the plaintiff requested the

---

[1] See Compl., Ex. A & B, Doc. No. 1.

[2] See United States v. Black, 622 F. Supp. 669, 673 (W.D. Pa. 1985) (citing United States v. Scholnick, 606 F.2d 160, 164 (6th Cir. 1979); United States v. Victory Highway Vill., Inc., 662 F.2d 488, 497 (8th Cir. 1981); United States v. Stadium Apartments, Inc., 425 F.2d 358, 360 (9th Cir. 1970)). See also United States v. Kimbell Foods, Inc., 440 U.S. 715, 726 (1979) ("Since the agencies derive their authority to effectuate loan transactions from

Clerk of Court enter a default against the defendant pursuant to the Federal Rules of Civil Procedure for failing to appear, plead, or otherwise defend.[3] On October 24, 2013, the Clerk of Court entered such a default. On October 24, 2013, the plaintiff filed a motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure.[4] On December 18, 2013, I denied the plaintiff's motion for default judgment without prejudice, due to deficiencies in the motion.[5] On January 9, 2014, the plaintiff filed a second motion for default judgment.[6]

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a party when default has been entered by the Clerk of Court. FED. R. CIV. P. 55(b)(2). Entry of a default judgment is within the court's discretion and is not automatic in the instance of "a defendant's failure to respond to the complaint." D'Onofrio v. Il Mattino, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006) (citing Mwani v. bin Laden, 417 F.3d 1, 6 (D.C. Cir. 2005); Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984)). Judgment by default is generally disfavored in the interest of deciding a case on its merits. Budget Blinds, Inc. v. White, 536 F.3d 244, 258 (3d Cir. 2008); United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194–95 (3d Cir. 1984).

---

specific Acts of Congress passed in the exercise of a 'constitutional function or power,' their rights, as well, should derive from a federal source." (citation omitted)); United States v. Stohr, No. Civ. A. 92–2981, 1993 WL 44238, at *2 (E.D.Pa. Feb. 22, 1993).

[3] See Doc. No. 3.

[4] See Doc. No. 4.

[5] See Doc. No. 7.

[6] See Doc. No. 8.

### III.  DISCUSSION

I denied the plaintiff's first motion for default judgment for several reasons, allowing the plaintiff to resubmit the motion to cure the deficiencies noted. I will address each deficiency in turn.[7]

### a.  Proof of Notice

First, the plaintiff failed to show proof of notice of intent to foreclose.[8] The Administrative Procedures Act (APA) applies to the decision to foreclose, as foreclosure by a federal agency under the National Housing Act is typically treated as an administrative decision.[9] The APA requires that the agency provide the defendant with adequate notice of his opportunity to be heard before making an adjudicative decision, which in this case would be the decision to foreclose.[10] My concern was that the defendant did not receive adequate notice of his rights. As the plaintiff recognizes, this is important and necessary to the foreclosure process.[11]

---

[7] The plaintiff had also failed to include an affidavit by counsel, which has been included in this second motion. See Doc. No. 9.

[8] See Order Denying Default J., Doc. No. 7.

[9] See Taggart v. GMAC Mortg., LLC, Civ. A. No. 12–CV–0415, 2013 WL 4079655, at *3–4 (E.D. Pa. Aug. 12, 2013); AMI Affiliates, Inc. v. U.S. Dep't of Hous. & Urban Dev., NO. 94–CV–7194, 1995 WL 611324, at *2 (E.D.Pa. Oct. 13, 1995); United States v. OCCI Co., 758 F.2d 1160, 1162–65 (7th Cir. 1985); United States v. Golden Acres, Inc., 520 F. Supp. 1073, 1076 (D. Del. 1981). See also United States v. Gross Realty & Constr. Co., 586 F. Supp. 231, 232 (E.D.Pa. 1984).

[10] See 5 U.S.C. § 554.

[11] See Memorandum in Support of Motion, Doc. No. 10 at 4 ("The Defendant was afforded the opportunity to be heard under the [National Appeals Decision] and obtain adjudication on the decision to accelerate the loan and foreclose the mortgage prior to the commencement of any foreclosure proceedings.").

In this motion, the plaintiff provided proof of the requisite notice. On June 27, 2012, the plaintiff sent the defendant notice of the acceleration of the mortgage, demand for payment of that debt, notice of right to cure, notice of intent to foreclose, and notice of the opportunity for a hearing concerning the foreclosure.[12] It stated that "the entire indebtedness due on the promissory note(s) . . . is now declared immediately due and payable," and, without payment, foreclosure would take place.[13] There was a thirty day period in which the defendant could cure.[14] The document included information on the defendant's right to a discussion with a RHS official and his right to an administrative appeal hearing.[15]

Also included was an appeals rights attachment, outlining the different options defendant had, including: 1) reconsideration; 2) mediation; and 3) requesting an appeal.[16] The notice was delivered by certified mail on July 3, 2012, and signed for by Suzanne M. Brown, as indicated by the return receipt.[17] Suzanne M. Brown is the spouse of the defendant who resides with him at the mortgaged property, as indicated by the Rural Housing Service Payment Subsidy Renewal Certification dated August 23, 2011.[18]

---

[12] See Pl.'s Second Motion for Default J., Doc. No. 8, Ex. A.

[13] Id.

[14] Id.

[15] Id. ("You may request an appeal hearing by the National Appeals Decision (NAD) rather than reconsideration or mediation. There is no cost for an appeal. A request for an appeal must be postmarked within 30 days from the date on which you received this letter.").

[16] Id.

[17] See Id., Ex. B.

[18] See Id., Ex. C.

Service of the Complaint and Summons was made upon Suzanne Brown on September 18, 2013, as shown by the Return of Service filed with the court.[19] This documentation cures the deficiency present in the first motion. The defendant received adequate notice of his rights, and the plaintiff showed proof of notice of intent to foreclose.

### b.  Calculation of Damages

A second deficiency in the first motion was the plaintiff's failure to provide supporting documentation for its calculation of fees and costs which would allow the court to determine with "reasonable certainty" that the amount of late charges, attorney's fees, and the like were appropriate.[20] While default judgment establishes that the defaulting party is liable for the allegations in the complaint, it does not establish the amount of damages owed by the defendant. Bricklayers & Allied Craftworkers v. WaterControl Servs., Inc., C.A. No. 09–3935, 2012 WL 3104437, at *7 (E.D.Pa. July 30, 2012). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Id. (quoting Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)).

The plaintiff is requesting damages of $220,429.75, plus interest accruing upon the unpaid balance from July 26, 2013 at a daily rate of $24.88.[21] The breakdown is as follows: $181,655.55 for the principal balance; $13,561.92 for interest accruing from January 28, 2012 until July 26, 2013 at 5.0%; $9,082.78 for attorney's fees at 5.0% of the

---

[19] See Id., Ex. D.

[20] See Order Denying Default J., Doc. No. 7.

[21] See Pl.'s Second Motion for Default J., Doc. No. 8 at 3.

principal balance; $10,242.56 for interest recapture; $145.24 for late charges; $2,473.37 for escrow/impound required; $139.01 for fees required with payoff funds; and $3,129.32 for fees currently assessed.[22]

The plaintiff has provided a payment history for the life of the mortgage loan from 2009 until 2013.[23] It shows the amount of the payments received, the amount of the subsidies applied, and the application of funds to the principal, interest, escrow disbursements, late charges, and fees.[24] The principal balance as of November 8, 2013 is listed at $181,655.55.[25] Looking solely at the documents, it is unclear whether or not all of the defendant's payments have been accounted for. Further explanation is necessary regarding the payments made and to what they were applied. Additionally, the document titled "United States Department of Agriculture, Rural Housing Service, Promissory Note" states that interest will be charged on the unpaid principal at a yearly rate of 5.0%.[26] The plaintiff asserts that interest of $13,561.92 is due, but fails to provide documentation of this calculation and gives no explanation of how it came up with this amount.

---

[22] Id.

[23] See Id., Ex. E.

[24] Id.

[25] Id.

[26] See Compl., Doc. No. 1, Ex. A at 1.

The plaintiff has provided a document recording the subsidy received between October 28, 2009 and January 28, 2012, titled "Subsidy Received on Account _____".[27] It states the total amount of subsidy received to be $10,242.56.[28] This amount is included in the plaintiff's total calculation of damages under the name "interest recapture."[29] The payment history for the life of the mortgage shows that this is the correct amount of subsidy that was received and applied over the course of the loan.[30] The plaintiff states that this amount is recoverable upon foreclosure pursuant to 42 U.S.C.A. § 1490a(a)(1)(B); however, that particular statutory provision does not grant a creditor such rights.[31] 42 U.S.C. § 1490a(a)(1)(D)(i) does state that "the Secretary shall provide for the recapture of all or a portion of such assistance rendered upon the disposition or non-occupancy of the property by the borrower." 42 U.S.C.A. § 1490a(a)(1)(D)(i). The Promissory Note provides that the borrower is agreeing to the repayment of subsidy granted in the form of payment assistance under the government's regulations.[32] Thus, the defendant is contractually obligated to pay this amount.

The Promissory Note states that late charges may be assessed at 4.0% of the overdue payment amount if any monthly payment is not made by the end of fifteen days

---

[27] See Pl.'s Second Mot. for Default J., Doc. No. 8, Ex. F.

[28] Id.

[29] See Pl.'s Second Mot. for Default J., Doc. No. 8 at 3.

[30] See Id., Ex. E.

[31] See Pl.'s Second Mot. for Default J., Doc. No. 8 at 16; 42 U.S.C. § 1490a(a)(1)(B).

[32] See Compl., Doc. No. 1, Ex. A at 2.

after the date it is due.[33] The plaintiff asserts that late charges are due, but provides neither itemization nor proof of these charges.

The document titled "United States Department of Agriculture, Rural Housing Service, Mortgage for Pennsylvania" states that the borrower shall pay the lender for "escrow items."[34] This includes funds for yearly taxes and assessments, yearly leasehold payments or ground rents, yearly hazard or property insurance premiums, and yearly flood insurance premiums.[35] This fee is allowable under 12 U.S.C. §§ 2605, 2609. See U.S.C. §§ 2605(g), 2609. The lender is required to give the borrower an annual accounting of the escrow funds, showing credits and debits to the funds and the purpose for which each debit to the funds was made.[36] The plaintiff has not provided any such accounting and merely states a single amount for escrow without explanation as to its origin or calculation. The information provided is insufficient.

The plaintiff has not provided any explanation or proof as to where the "fees required with payoff funds" and "fees currently assessed" charges originated.

**c.  Attorney's Fees**

The plaintiff claims that attorney's fees of 5% of the outstanding principal balance are reasonable.[37] The Promissory Note states that if the borrower is in default and the

---

[33] See Id.

[34] See Id., Ex. B at 2.

[35] Id.

[36] See Id.; 12 U.S.C. § 2609(c)(2).

[37] See Pl.'s Second Mot. for Default J., Doc. No. 8 at 17–18.

government has required them to immediately pay in full, that it will have the right to be paid back for all its costs and expenses in enforcing the promissory note to the extent not prohibited by law.[38] It states, for example, "reasonable attorney's fees."[39]

In Pennsylvania, a lender is entitled on foreclosure to recover reasonable attorney's fees. See Citicorp Mortg., Inc.v. Morrisville Hampton Vill. Realty Ltd. P'ship, 662 A.2d 1120, 1123 (Pa. Super. Ct. 1995)(citing Foulke v. Hatfield Fair Grounds Bazaar, Inc., 173 A.2d 703 (Pa. Super. 1961)). "The test of a legal fee must be its reasonableness, determined by the circumstances of the particular case." Id. (citing Fed. Land Bank v. Fetner, 410 A.2d 344, 347 (Pa. Super. Ct. 1979)). In Federal Land Bank, the court held that attorney's fees of 10% of the mortgage was reasonable under the circumstances, as there had been preliminary objections, briefs, depositions, a trial, and an appeal. 410 A.2d at 347 ("a fee of 10% . . . [is] quite reasonable, and probably not fully compensatory for the Bank's legal expenses"). Citicorp Mortgage, Inc. affirmed a trial court judgment that attorney's fees of 10% were reasonable in accordance with a formula set out in the loan documents. 662 A.2d at 1123.

The plaintiff here has requested attorney's fees of 5%, totaling $9,082.78. There is nothing inherently unreasonable about this calculation. See Foulke 173 A.2d at 706.

## IV. CONCLUSION

I am unable to assess with reasonable certainty whether the claimed damages are appropriate without being provided evidentiary proof as to their origin and an

---

[38] See Compl., Doc. No. 1, Ex. A at 2.

[39] Id.

9

itemization, if necessary, of each amount. I am denying the plaintiff's motion for default judgment without prejudice; the plaintiff may resubmit the motion with the appropriate documentation in order to cure the deficiencies noted above.

An appropriate Order follows.